IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERSPAN DISTRIBUTION CORP., | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-07-1078 |
| LIBERTY INSURANCE UNDERWRITERS, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

On September 12, 2007, this court granted the parties' joint motion for an Agreed Protective Order. (Docket Entry No. 15). Since that time, both parties have filed a number of documents under seal. Liberty's motion to seal Docket Entry No. 54, its response to Plaintiff's Motion for Partial Summary Judgment and Appendix is pending. (Docket Entry No. 55).

A more stringent standard is applied to seal documents that are filed in court than to restrict dissemination of documents exchanged in discovery. "Courts have recognized that the public has a common law right to inspect and copy judicial records," but that "right is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Id.* In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup*, 277 F.3d at 928, or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*,

49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. However, "'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). A judge is "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal" and must not simply "rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

In the present case, the parties have filed many motions, as well as all the exhibits and briefs, under seal. The parties have not, however, presented a sufficient basis for such a broad approach to sealing. The events that gave rise to this suit occurred more than three years ago. The pending motion to seal is denied, without prejudice. By August 28, 2009, Interspan must show cause for sealing the court filings on the broad basis it has applied up to now.

SIGNED on August 21, 2009, at Houston, Texas.

                                              Lee H. Rosenthal
                                     United States District Judge